UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MAURICE PERNELL MCKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-218-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO J. QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Maurice Pernell McKinney is confined by the Bureau of Prisons at the Federal Medical Center-Lexington, in Lexington, Kentucky.  McKinney has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1], challenging the enhancement of his federal sentence under the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii).  McKinney has paid the $5.00 filing fee.  [Record No. 2]

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court must deny the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Because McKinney is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).  Thus, at this stage of the proceedings, the Court accepts McKinney's factual allegations as true and liberally construes his legal claims in his favor.

For the reasons set forth below, McKinney's petition for relief under 28 U.S.C. § 2241 will be denied.

## I.

In March 2, 2004, McKinney was indicted in a Florida federal court for various drug and firearm offenses. *United States v. McKinney*, No. 4:04-CR-3-RH-WCS-2 (N.D. Fla. 2004); *United States v. McKinney*, 135 F. App'x 313 (11th Cir. 2005). In April 2004, he pleaded guilty to Count 5 of the superseding indictment to possessing a firearm and ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)). McKinney later pleaded guilty to two other counts of the superseding indictment: Count 2, which alleged possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C); and Count 3, which alleged possession of firearms in furtherance of a drug-trafficking offense in violation of 18 U.S.C. §§ 924(c)(1)(A)(i), (c)(1)(B)(i), and 2.

Based on McKinney's three prior convictions (two for burglary of a structure and one for robbery), the district court determined that he qualified for a 15-year mandatory minimum prison term under the ACCA. McKinney alleges that the robbery conviction fell under the "residual clause" of the ACCA, 18 U.S.C. § 924(e)(2)(B)(ii).[1] The district court increased McKinney's offense level for grouped Counts 2 and 5, and sentenced him to a 180-month prison sentence on those counts to run concurrently with each other. The district court

---

1    Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a violent felony. *See* 28 U.S.C. § 924(e)(1) (discussing punishment for § 922(g) offenders). The ACCA defines a violent felony as "any crime punishable by imprisonment for a term exceeding one year . . . that—(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added). The last phrase is referred to as the "residual clause."

then imposed a consecutive 120-month prison sentence on Count 3 (the § 924(c) firearm offense) for a total prison term of 300 months.

McKinney appealed, arguing that his trial counsel provided ineffective assistance. He further contended that the district court abused its discretion in denying his motion to withdraw his guilty plea to the § 924(c) offense in Count 3; erred in imposing a mandatory minimum ten-year consecutive sentence based on its finding that he possessed an Intratec 9 millimeter semi-automatic pistol; and violated his Sixth Amendment right to a jury trial by considering the federal guidelines when sentencing him, based on *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). *McKinney*, 135 F. App'x at 314. However, McKinney's conviction and sentence were affirmed on appeal. *Id.* at 326.

In November 2005, McKinney filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. [Record Nos. 102, 103, therein] He alleged that his counsel was ineffective for failing to investigate his non-violent burglary convictions used to enhance his sentence under 18 U.S.C. § 924(e) and U.S.S.G. § 4B1.4, and for erroneously advising him that his prior convictions satisfied the ACCA's enhancement requirements. McKinney argued that two of his three prior felonies used to enhance his sentence were for burglary of only a "structure," which he asserted did not count as a violent felony. And he further asserted that his counsel did not prepare for sentencing and was unaware of relevant provisions of the federal sentencing guidelines.

The district court determined that McKinney had not been denied effective assistance of counsel at sentencing because he was properly sentenced as a career offender under § 924(e) and U.S.S.G. § 4B1.4. *United States v. McKinney*, Nos. 4:04-CR-3-RH/WCS, 4:05-

-3-

CV-449-RH/WCS, 2007 WL 2083639, at *5 (N.D. Fla. July 16, 2007).  It also rejected McKinney's claim that his counsel was constitutionally deficient for failing to differentiate the burglary of a structure from the burglary a dwelling by explaining that "[w]hile burglary of a structure that is not a dwelling does not count as a crime of violence for career offender sentencing, it does count as a violent felony for sentencing as an armed career criminal under § 924(e) and § 4B1.4."  *Id*.

The district court also rejected McKinney's allegation that his counsel was not prepared for sentencing and that he failed to object to the imposition of the 120-month consecutive sentence on the § 924(c) offense.  *Id*. at *6.  The sentence imposed under § 924(c) must run consecutive to any other sentence, "and is not to be grouped in determining the sentence range of the other offenses.  That the sentence would be consecutive was clearly explained and understood by Defendant when he entered the plea."  *Id*.  The district court thus concluded that because it correctly applied the Guidelines and § 2K2.4 and imposed a consecutive sentence on the § 924(c) offense, there was nothing to which McKinney's counsel could have objected at sentencing.  *Id*.

McKinney appealed, but the Eleventh Circuit denied his application for a Certificate of Appealability, stating that he had not made a substantial showing of the denial of a constitutional right.  *McKinney v. United States*, No. 07-13943-C (11th Cir. Mar. 21, 2008).

## II.

McKinney alleges that the district court lacked subject matter jurisdiction to enhance his sentence under § 924(e), and that his prior Florida state court convictions did not qualify as predicate offenses which would have supported an enhancement under § 924(e).  He argues that, based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), the district court

improperly enhanced his sentence under the residual clause of the ACCA.  In *Johnson*, the Supreme Court of the United States found that the residual clause of the ACCA violates the United States Constitution's guarantee of due process.  135 S.Ct. at 2557.

McKinney contends that because his 300-month sentence was based on the residual clause of the ACCA, his enhanced sentence violates his due process rights.  McKinney further contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions and, under 28 U.S.C. § 2241, he is entitled to immediate relief from his sentence.

**III.**

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging issues which relate to the execution of his sentence (*i.e.*, the Bureau of Prisons' calculation of sentence credits or other issues affecting the length of his sentence).  *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999).  The primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence is 28 U.S.C. § 2255, not § 2241.  *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

McKinney does not challenge the manner in which the Bureau of Prisons is executing his sentence, such as its computation of sentence credits or consideration of parole eligibility (*i.e.*, issues which fall under the purview of § 2241).  Instead, he contends that his sentence, which was enhanced under the ACCA's residual clause, violates his due process constitutional rights.  A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective.  *Wooten v.*

*Cauley*, 677 F.3d 303, 306–07 (6th Cir. 2012). This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Id.* McKinney cannot meet his burden with respect to his claim based on *Johnson* because § 2255 provides an avenue for review of this claim. *See* 28 U.S.C. §§ 2255(f)(3), (h)(2). While this Court has no opinion as to whether these efforts will ultimately be successful, it is clear that there is a mechanism for review of McKinney's arguments under § 2255. *See Wood v. Maiorana*, No. 3:CV-15-1409, 2015 WL 4663267, at *4 (M.D. Penn. Aug. 6, 2015).

Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 only if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003); *Wooten*, 677 F.3d at 307. "One way to establish factual innocence is to show an 'intervening change in the law that establishes [the petitioner's] actual innocence.'" *Id.* (quoting *Peterman*, 249 F.3d at 461–62). This may be established by showing: (i) the existence of a new interpretation of statutory law, (ii) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (iii) is retroactive, and (iv) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him. *Id.* at 307–08.

However, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their convictions, not their sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013). McKinney argues that he is innocent of being an armed career criminal, which is the basis

-6-

for the enhancement to his sentence.  He does not allege that he is actually innocent of being a felon in possession of a firearm or any other charges.  *Jones*, 489 F. App'x at 866.  The United States Court of Appeals for the Sixth Circuit has never extended the savings clause to a § 2241 petitioner who challenges only the enhancement of his sentence.  In fact, "[c]laims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones*, 489 F. App'x at 866; *Reminsky*, 523 F. App'x at 329 ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (holding that prisoner's challenge to his sentencing enhancement under §§ 841 and 846 was not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

McKinney challenges the armed career criminal enhancement because one of his three qualifying convictions fell under the residual clause of the ACCA.  Thus, McKinney has not alleged a valid actual innocence claim that is cognizable[2] under § 2241 and his petition will be denied.  *See Cockrell v. Kreuger*, No. 1:15-CV-01279, 2015 WL 4648029 (C. D. Ill. Aug 5, 2015)   Nonetheless, to the extent that McKinney contends that *Johnson* announces a new substantive rule of constitutional law that applies retroactively to final convictions, and/or to sentences being challenged through collateral means, McKinney is

---

2       The United States Court of Appeals for the Sixth Circuit has not addressed whether *Johnson* applies retroactively to cases on collateral review.  While it has reversed and remanded several criminal sentences based on *Johnson*, those cases were on direct appeal rather than collateral review.  *See United States v. Bell*, No. 13-6339, 2015 WL 4746360, at *1 (6th Cir. Aug. 12, 2015);  *United States v. Franklin*, No. 14-5093, 2015 WL 4590812 (6th Cir. July 31, 2015), *United States v. Bilal*, No. 14-4190, 2015 WL 4568815 (6th Cir. July 29, 2015).

free to pursue a second or successive § 2255 motion with the United States Court of Appeals for the Eleventh Circuit.  28 U.S.C. §§ 2244, 2255(h); *Cockrell*, 2015 WL 4648029; *see also Wood*, 2015 WL 4663267.

## IV.

McKinney has not alleged that he is actually innocent of the underlying drug and firearm offenses of which he was convicted.  Because McKinney is not entitled to relief under § 2241, his habeas petition will be denied.  Accordingly, it is hereby

**ORDERED** as follows:

1.      Petitioner Maurice Pernell McKinney's 28 U.S.C. § 2241 petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2.      The Court will enter an appropriate Judgment this date; and

3.      This proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 20th day of August, 2015.



Signed By:
*Danny C. Reeves*
United States District Judge