UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MAURICE PERNELL MCKINNEY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 5: 15-218-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| FRANCISCO QUINTANA, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of Petitioner Maurice McKinney's motion for reconsideration [Record No. 5], which the Court reviews as a motion to alter or amend the judgment entered August 20, 2015 [Record No. 4]. While the postmark accompanying the petitioner's motion is illegible, the certificate of service accompanying the motion indicates that it was mailed September 16, 2015. Therefore, the Court will consider it to be timely under Rule 59(e) of the Federal Rules of Civil Procedure.

McKinney is currently serving a 300-month term of imprisonment following his conviction to various drug and firearms offenses. His direct appeal and initial collateral challenge to his conviction and sentence under 28 U.S.C. § 2255 were unsuccessful. *See United States v. McKinney,* 135 F. App'x 313 (11th Cir. 2005), and *McKinney v. United States*, No. 07-13942-C (11th Cir. Mar. 21, 2008). Through the action filed in this district, McKinney argued that his 300-month sentence based, in part, on the residual clause of the ACCA violates his right to due process. Further, he asserted that the Supreme Court in

*Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule of constitutional law that applies retroactively to final convictions. As a result, McKinney sought review under 28 U.S.C. § 2241. However, as this Court explained in the Memorandum Opinion and Order [Record No. 3] accompanying the August 20, 2015 Judgment, McKinney may not use 28 U.S.C. § 2241 as a vehicle to challenge his enhanced sentence under the Armed Career Criminal Act ("ACCA") based on the Supreme Court's recent decision in *Johnson*.

While a federal prisoner may challenge the legality of his detention under § 2241 if he is able to establish that his remedy under § 2255 is inadequate or ineffective, this limited exception to the general rule is inapplicable if the petitioner actually asserts the claim in a post-conviction motion under § 2255 but is denied relief. *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999). Additionally, a prisoner seeking relief under § 2241 may implicate the savings clause of § 2255 only if he alleges "actual innocence." *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). But "actual innocence" extends only to claims relating to convictions, not sentences. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012).

McKinney asserts that he should not have been sentenced as an armed career criminal under the ACCA. He does not assert that he is actually innocent of being a felon in possession of a firearm or any other charges underlying his conviction and sentence. And as the Sixth Circuit has held, "claims alleging 'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Id.* As the Court indicated in its prior Memorandum Opinion and Order, McKinney only avenue for relief is to seek permission from the Eleventh Circuit to file an additional petition under 28 U.S.C. § 2255.

In his current motion, McKinney asserts that he sought such permission from the Eleventh Circuit but his request has been denied. That fact, however, does not mean that the claim may be asserted under § 2241. McKinney has not demonstrated any error of law in the Court's earlier Memorandum Opinion and Order. While McKinney may not agree with the law from this circuit, it is applicable here and forecloses the relief he currently seeks.

Accordingly, it is hereby **ORDERED** that Petitioner Maurice McKinney's motion [Record No. 5] is **DENIED**.

This 30th day of September, 2015.

Signed By:
*Danny C. Reeves* DCR
United States District Judge